## B. A. HUNT v. JOHN BURBANK.

### May Term, 1901.

Present: TAFT, C. J., ROWELL, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed August 7, 1901.

*Petition under V. S. 1667—Allegations on information and belief disregarded on demurrer*—The statute requires a petition to set aside a judgment on the ground that the defendant was deprived of his day in court by mistake to be verified by oath. Hence an allegation therein made on information and belief is not admitted by a demurrer.

*Petition under V. S. 1667 to set aside a judgment—Petitioner's reliance on his own negligence*—A petition under the fraud, accident and mistake statute to set aside a judgment is properly dismissed on demurrer, if the petition tends to show that the petitioner lost his day in court through his own negligence in respect to the hour of the day at which the suit, in which the judgment was obtained, was returnable.

PETITION under V. S. 1667. The petitionee demurred. Heard on the demurrer, Lamoille County, December Term, 1900, *Tyler*, J., presiding. The court sustained the demurrer,

18

adjudged the petition insufficient and as a matter of discretion dismissed the same.    The petitioner excepted.

. *B. A. Hunt,* petitioner, *pro se.*

*Edward B. Sawyer* for the petitionee.

STAFFORD, J.    Burbank had obtained a judgment against Hunt before a justice of the peace, and Hunt brought this petition to the County Court to set aside the judgment on the ground that he had lost his day in court through mistake.    The petition was demurred to, and the case was heard below upon the petition and demurrer without testimony.    The court filed a statement of facts found, as if the case had been heard upon testimony and had been one that might have been tried by the jury.    V. S. 1627. .  There was probably some reason for this departure from regular procedure, but what it was we are not advised.    In the bill of exceptions it is stated that the court "sustained the demurrer, adjudged the petition insufficient, and as a matter of discretion dismissed the petition with costs." In the .statement of facts found, which is printed with the record, it is stated: *"From the foregoing facts* the court as a matter of discretion adjudged that the petition should be dismissed with costs." In a case heard upon demurrer there could, of course, be no finding of facts, for the law treats all facts well pleaded as admitted by the demurrer.    Therefore we look alone to the statement in the exceptions proper, disregarding the irregular finding of facts, and the question is: Did the court err in dismissing the petition, treating the facts well pleaded as true ?

·The petition alleges in substance that Burbank took out a justice writ against Hunt returnable at North Hyde Park, February 19, 1900, at 1 p. m.; and had it served by the attachment of property; that Hunt told the officer he might send him his copy by mail; that "if said copy was sent, which the peti-

tioner does not deny, the same was lost to the petitioner;" but does not say how it was lost nor whether before or after it was received by the petitioner; that the petitioner, remembering from his conversation with the officer that the return day was the 19th but not remembering the hour and not having the copy to refer to supposed that the hour was 10 a. m. and so appeared by his agent, but the agent could not find the justice nor learn that he was expected at the place of trial, and so informed the petitioner by telephone; that the petitioner thereupon concluding that he must have been mistaken as to the date, or that the case had been continued by some other justice or discontinued by the plaintiff, gave no further attention to the matter, although he had a just defence which he fully intended to make; and that consequently he had lost his day in court through mistake; that the cause was tried in the afternoon and a judgment rendered against the petitioner, which Burbank is attempting to enforce by execution. It also alleges, on information and belief, that when Burbank took judgment he had learned that the petitioner had mistaken the time of hearing and had appeared as above stated.

The statute requires the petition in these cases to be verified by oath. Hence the allegation upon information and belief, even if it be material, is not admitted by the demurrer and must be disregarded. *Woodworth* v. *Coleman,* 57 Vt. 368.

It was necessary that the petition should set forth such facts as bring the case within the statute. It was not enough to say that the petitioner had lost his day through mistake; but the character of the mistake, how it happened, must appear. The present statement of how it happened is vague and perfectly consistent with the supposition that the writ was received by the petitioner and afterwards mislaid or lost by him. He knew the return day. Not knowing or remembering whether the hour was in the forenoon or the afternoon he had no right

to take it for granted that it was in the forenoon and give no further attention to the case merely because the justice did not appear in the morning. Instead of justifying the conclusion of the pleader the facts rather show that the petitioner lost his day in court through his own negligence. The petition was properly dismissed.

    *Judgment affirmed.*