RALPH H. BEDELL *v.* ANDREW F. HILL.

February Term, 1926.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed July 8, 1926.

*Petition to Set Aside Default Judgment Rendered by Justice of the Peace—Pleading—General Demurrer.*

1. Petition to municipal court, under G. L. 2301, to vacate default judgment by justice of the peace on ground that petitioner had lost his day in court by accident and mistake, alleging that petitioner, under arrangement with his attorney, had procured and sent copy of writ to such attorney, who was absent when it was received and did not see writ until after his return, which was after rendition of judgment, *held* demurrable in failing to show that petitioner had procured and sent copy of writ to his attorney in time to have saved situation had attorney been there to receive it, thus failing to show requisite diligence by petitioner in protecting his rights.

2. In such case, general demurrer stating that petition contained "no such allegation of fact as to make a basis on which to grant prayer thereof," *held* to point out with sufficient particularity defect relied upon, that petition failed to show requisite diligence by petitioner in procuring and sending copy of writ in suit in question to his attorney.

PETITION under G. L. 2301 to set aside default judgment rendered by a justice of the peace. Heard on demurrer to such petition by Orleans county municipal court, *Willard M. Wright,* Judge. Demurrer overruled. The defendant excepted. The opinion states the case. *Reversed and cause remanded.*

*W. A. Dutton* for the petitionee.

*Porter, Witters & Longmoore* for the petitioner.

BUTLER, J. This is a petition returnable to the Orleans county municipal court, predicated upon G. L. 2301, seeking to

have vacated a default judgment rendered by a justice of the peace against the petitioner in favor of the petitionee. The petitionee filed a demurrer upon the ground that ''the petition contains no such allegation of fact as to make a basis on which to grant the prayer thereof.'' Upon hearing, the court ''as a matter of law overruled the demurrer and adjudged the amended petition sufficient,'' to which the petitionee was allowed an exception.

[1] The amended petition alleges, in substance, that the justice writ was returnable at Greensboro on July 29, 1918, and was served on the petitioner by arresting his body; that he immediately employed an attorney to appear for him and to do whatever was necessary to protect his interests; that said attorney understood that said suit was returnable to the county court; that at the time of the employment of counsel, the petitioner promised to secure a copy of the writ and to send it to the attorney, which he did (but when this was done was not alleged); that shortly after his interview with the attorney, the latter left his office and was absent therefrom between two and three weeks, and did not receive the copy of the writ or learn of the return day thereof or the nature of the suit, or the court in which it was pending until his return to his office, which was after the rendition of the judgment here sought to have vacated; that the petitioner, relying upon his attorney to look after the case, did not appear in person, and so lost his day in court by accident and mistake.

It was error to overrule the demurrer. The petition fails to show that the petitioner procured a copy of the writ and sent it to the office of his attorney in time to have saved the situation, had the attorney been there to receive it. The allegation is simply that the petitioner procured the copy and sent it to his attorney, but that the latter did not, in fact, receive it until after his return from Boston, and did not, in fact, see it until after judgment had been rendered. This is not sufficient to show that the petitioner used the requisite diligence in protecting his rights. The petition does not set forth such facts as bring the case within the statute. *Hunt* v. *Burbank,* 73 Vt. 273, 50 Atl. 1058, is ample authority for this holding.

[2] It is urged that the sufficiency of the petition cannot be attacked upon general demurrer, but we think that the de-

murrer points out with the requisite particularity, the defect here relied upon.

*Judgment reversed and cause remanded.*

JUSTICE TAYLOR took no part in this opinion, having deceased.